UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| D. N. M. a minor by his mother,<br>ALETRUS M. BRAME,<br><br>      Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of the Social Security<br>Administration,<br><br>      Defendant. | 1:13-cv-00884-RLY-DKL |

**ENTRY ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, D.N.M., a minor by his mother, Aletrus Brame, appeals the Administrative Law Judge's decision denying his application for social security disability benefits. Pursuant to 28 U.S.C. § 636, the court referred the matter to the Magistrate Judge (Filing No. 31), who submitted her report and recommendation on August 8, 2014. (Filing No. 32). Plaintiff objects to the Magistrate Judge's report and recommendation. (Filing No. 34). For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's report and recommendation.

**I. Background**

D.N.M. is eleven years old. On August 24, 2010, his mother filed an application for Social Security Supplemental Income disability benefits on his behalf. His application was denied initially and on reconsideration. An Administrate Law Judge

1

("ALJ") held a hearing and, on December 1, 2011, denied his application again. The Appeals Council finally issued an order affirming the denial on April 3, 2013. D.N.M. appeals to this court.

The ALJ found that D.N.M. has the following severe impairments: asthma, attention deficit hyperactivity disorder ("ADHD"), and depressive disorder. Additionally, the ALJ concluded that D.N.M. does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. To have a medically equivalent disability, the claimant must show that he has a marked limitation in two of five domains of functioning or an extreme limitation in one domain. See 20 C.F.R. § 416.926a(d). In arriving at her conclusion, the ALJ found that D.N.M. had: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) less than marked limitation in moving about and manipulating objects; and (5) less than marked limitation in the ability to care for himself.

The Magistrate Judge found that the ALJ supported such a finding with substantial evidence. D.N.M. objects to the report stating that the Magistrate Judge "erroneously never considered the ALJ's erroneous rejection of [Dr. Gates' evaluation] as evidence of the claimant's disability." (Plaintiff's Objection, Filing No. 34, at ECF p. 4). Expounding upon this claim, Plaintiff asserts that the ALJ failed to "give any good reasons for ignoring" Dr. Gates' report. (*Id.*). Dr. Gates' report contained a check-mark

determination in each of the above five categories in which he concluded that D.N.M. had marked limitation in interacting and relating with others and caring for himself.

## II. Standard

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the magistrate judge's decision as to those issues is supported by substantial evidence or was the result of an error of law. FED. R. CIV. PRO. 72(b). The district court "'makes the ultimate decision to adopt, reject, or modify' the report and recommendation, and it need not accept any portion as binding;" the court may, however, defer to and adopt those conclusions where a party did not timely object. *Sweet v. Colvin*, No. 1:12-cv-00439-SEB-TAB, 2013 WL 5487358, * 1 (S.D. Ind. Sept. 30, 2013) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009)).

## III. Discussion

In reviewing the Commissioner's factual findings, courts are deferential; if her findings are supported by substantial evidence, then courts must affirm. *See Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004). Substantial evidence is more than a scintilla, but less than a preponderance of the evidence. *See Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). Although review of the Commissioner's factual findings is deferential, review of her legal conclusions is *de novo*. *See Jones v. Astrue*, 1155, 1160 (7th Cir. 2010).

An ALJ is not required to discuss every piece of evidence, but if the decision lacks an adequate discussion of the issues, the court will remand it. *See Campbell v. Astrue*,

627 F.3d 299, 306 (7th Cir. 2010). Additionally, "[a] treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Id.* (citation omitted). If an ALJ discounts a treating physician's opinion, she "must offer 'good reasons'" for doing so. *Id.* (citing 20 C.F.R. § 404.1527(d)(2)). A physician's opinion on ultimate issues reserved to the Commissioner, however, is not given special treatment. *See* 20 C.F.R. § 416.927; *see also* SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Finally, "[a]n ALJ may not selectively discuss portions of a physician's report that support a finding of non-disability while ignoring other portions that suggest a disability." *Campbell*, 627 F.3d at 306.

A reading of the ALJ's decision shows that, contrary to Plaintiff's position, the ALJ did not ignore Dr. Gates' report. In fact, the ALJ discussed both the favorable and unfavorable portions of Dr. Gates' report. (ALJ Decision, Filing No. 16-2 at ECF p. 17-18, 21-25). The ALJ compared Dr. Gates' assessments with the other evidence in the record and found that they were not well-supported. The court finds that the ALJ's decision contained an adequate discussion of Dr. Gates' report and therefore remand is inappropriate.

Additionally, although Plaintiff's objection is that the ALJ ignored the evidence, it appears that D.N.M. is more concerned that the ALJ did not follow Dr. Gates' check-mark limitation determinations. The check-mark determinations made by Dr. Gates did not include factual material supporting such conclusions and were inconsistent with other evidence in the record. Thus, they were not entitled to controlling weight. *See Campbell*,

4

627 F.3d at 306. Additionally, the check-mark determinations do not bind the Commissioner, as they are not medical opinions, but rather legal determinations to be made by the Commissioner. *See* 20 C.F.R. § 416.927; *see also* SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Thus, the ALJ was not required to find a disability simply because Dr. Gates checked two areas as having "marked" limitations. The court finds that substantial evidence supported the ALJ's findings and therefore, **ADOPTS** the Magistrate Judge's report and recommendation.

**IV. Conclusion**

The court, having considered D.N.M.'s objection to the report and recommendation, **ADOPTS** the Magistrate Judge's report and recommendation in full (Filing No. 34) and affirms the ALJ.

**SO ORDERED** this 16th day of September 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

5